**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 2 2015

JAMES W. McCORMACK CLERK
By:_____
DEP CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**GREGORY J. OEHM II and**                                      **PLAINTIFFS**
**JUDY KAY LINDHOLM**

**V**                          CASE NO. 4:15 CV 120 - BRW

**TRS RECOVERY SERVICES, INC., and**                           **DEFENDANTS**
**ALLEN AND ASSOCIATES**

This case assigned to District Judge Wilson

                     **COMPLAINT**      and to Magistrate Judge Volpe

Comes now Gregory J. Oehm II and Judy Kay Lindholm, by and through their counsel, Leigh

Law PLLC., and for its Complaint states:

### INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an alleged

consumer debt. Plaintiffs bring this Complaint against TRS Recovery Services, Inc. and Allen

and Associates, seeking statutory damages, actual damages, punitive damages, and attorney fees

and costs, for violations of the *Fair Debt Collection Practices Act ("FDCPA") § 15 U.S.C. 1692*

*et seq., Arkansas Fair Debt Collection Practices Act ("AFDCPA") § 17-24-101 et seq.,*

*Arkansas Deceptive Trade Practices Act ("ADTPA") A.C.A. §§ 4-88-101 through 4-88-115,*

*Racketeer Influenced and Corrupt Organizations (RICO) Act 18 U.S.C. 1961 et seq.*, and for

violating *Arkansas Code Annotated § 17-24-301.*

### JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to *15 U.S.C. § 1692k(d), 18 U.S.C*

*1964(c), 18 U.S.C. § 1965(a)*, and *28 U.S.C. § 1331.*

2. As Plaintiffs' state claims are related to Plaintiffs' federal claims, and Plaintiffs' state

claims are inextricably entwined and arise out of a common nucleus of related facts, form part of

the same controversy under Article III of the United States Constitution, are not complex or novel, and are straightforward, this Court has supplemental jurisdiction to hear and adjudicate Plaintiffs' state claims against the Defendant pursuant to *28 U.S.C. § 1367*.

3. Venue in this Court is proper, as all alleged conduct took place while the Plaintiffs were residing in Pulaski County, Arkansas.

## PARTIES

4. Gregory J. Oehm II is a natural person residing in Pulaski County, Arkansas, and was a "consumer" at all times as alleged in this Complaint, in so far as "consumer" is defined pursuant to *15 U.S.C. § 1692(a)(3)* and *A.C.A. § 17-24-502(2)*.[1]

5. Judy Kay Lindholm is a natural person residing in Pulaski County, Arkansas, and was a "consumer" at all times as alleged in this Complaint, in so far as "consumer" is defined pursuant to *15 U.S.C. § 1692(a)(3)* and *A.C.A. § 17-24-502(2)*.[2]

6. TRS Recovery Services Inc. ("TRS"), with a primary place of business located at 5251 Westheimer Road, Houston, Texas 77056, at all times as alleged in this Complaint were acting as a "debt collector," in so far as "debt collector" is defined pursuant to *15 U.S.C. § 1692(a)(6)* and *A.C.A. § 17-24-502(5)(A)*.[3]

7. Allen and Associates ("Associates"), with a primary place of business located at 147 Willis Ave, Mineola, New York 11501, at all times as alleged in this Complaint were acting as a

---

[1] A "consumer" means any natural person obligated **or allegedly obligated** [emphasis added] to pay any debt. *15 U.S.C. § 1692(a)(3) & A.C.A. § 17-24-502(2)*.

[2] Gregory J. Oehm II and Judy Kay Lindholm, were married June 1, 2004, and throughout the remainder of this Complaint will be referred to collectively as "Plaintiffs."

[3] A "debt collector" is any person or entity who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due **or asserted to be owed or due another** [emphasis added]*15 U.S.C. §1692a(6) & A.C.A. § 17-24-502(5)(A)*.

"debt collector," in so far as "debt collector" is defined pursuant to *15 U.S.C. § 1692(a)(6)* and *A.C.A. § 17-24-502(5)(A)*.

### RELEVANT PRECEDENT AND STATUTORY STRUCTURE
### OF THE FDCPA AND THE AFDCPA[4]

8.    "The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors,' … and debt collectors are liable for failure to comply with 'any provision' of the Act." <u>Richmond v. Higgins</u>, 435 F.3d 825, 828 (8th Cir.2006) (quoting *15 U.S.C. §§ 1692(e), 1692k(a)*) (internal citations omitted).

9.    The FDCPA is a "[r]emedial, strict liability statute which was intended to be applied in a liberal manner." <u>Picht. v. Hawks.</u> 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999) aff'd, 236 F.3d 446 (8th Cir.2001).[5]

10.    Whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer. <u>Freyermuth v. Credit Bureau Servs., Inc.</u>, 248 F.3d 767, 771 (8th Cir. 2001)(quoting, <u>Duffy v. Landberg</u>, 215 F.3d 871, 873 (8th Cir. 2000).

11.    The bona fide error defense is limited to clerical errors. <u>Picht v. Jon R. Hawks, Ltd.</u>, 236 F.3d 446, 451 (8th Cir. 2001).

12.    The "bona fide error" defense does not apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulnch LPA,</u> No. 08-1200, 130 S. Ct. 1605; 176  L Ed. 2D 519; 2010 U.S. Lexis 3480; (April 21, 2010).

---

[4] The AFDCPA is Arkansas state law, which language generally mirrors that of the FDCPA. "Although there is a dearth of case law on the AFDCPA, the AFDCPA largely mirrors the FDCPA." *Cf.* <u>In re Humes</u>, 468 B.R. 346, 353 n. 4 (Bankr.E.D.Ark.2011).

[5] "The FDCPA is a strict liability statute which covers both intentional and unintentional violations." <u>Strand v. Diversified Collection Serv., Inc.</u>, 380 F.3d 316, 317 (8th Cir. 2004).

13. A "debt" under the FDCPA is defined as, "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *15 U.S.C. § 1692a(5).*

14. Attempts to collect payment on a dishonored check are debt collection practices within the meaning of the FDCPA and subject to its consumer protections. Duffy v. Landberg, 133 F.3d at 1124 (8th Cir.1998).

15. A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. *15 U.S.C. § 1692e & A.C.A. § 17-24-506(a).*

16. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. *15 U.S.C. § 1692f & A.C.A. § 17-24-507(a).*

17. Any debt collector who fails to comply with any provision of the Act, with respect to any person, is liable to such person for actual damages. *15 U.S.C. § 1692k(a)(1) & A.C.A. § 17-24-512(a)(1).*

18. Any debt collector who fails to comply with any provision of the Act, with respect to any person, is liable to such person for statutory damages up to $1,000.00. *15 U.S.C. 1692k(a)(2) & A.C.A. § 17-24-512(a)(2)(A).*

19. In the case of a successful action to enforce the foregoing liability, a debt collector is liable for the costs of the action, together with a reasonable attorney's fee as determined by the court. *15 U.S.C. §1692k(a)(3) & A.C.A. § 17-24-512(a)(2)(A).*

## RELEVANT STATUTORY STRUCTURE OF THE ADTPA

20. Engaging in any unconscionable, false or deceptive act or practice in business, commerce, or trade violates the ADTPA. *A.C.A. § 4-88-107(a)(10)*.

21. A violation of the FDCPA is a *per se* violation of the ADTPA.

22. Any person who suffers actual damage or injury as a result of an offense or violation under the ADTPA has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees. *A.C.A. § 4-88-113(f)*.

## ARKANSAS CODE ANNOTATED § 17-24-301

23. *A.C.A. § 17-24-301* provides:

Unless licensed by the State Board of Collection Agencies under this subchapter it is unlawful to:

(1) Engage in the collection of delinquent accounts, bills, or other forms of indebtedness;

(2) Use a fictitious name or any name other than their own in the collection of their own accounts receivable;

(3) Solicit claims for collections; or,

(4) Purchase and attempt to collect delinquent accounts or bills.

## FACTS

24. On the date of April 25, 2013, Plaintiffs moved to a home they recently purchased, located at 1418 Rock Street, Little Rock, Arkansas.

25. Plaintiffs hired a moving company to move them from their apartment in North Little Rock to the home they purchased.

26. The following week, checks started to clear Plaintiffs' checking account that Plaintiffs did not write or authorize.

27.   After checks that Plaintiffs did not write or authorize began clearing their checking account, Plaintiffs checked the storage bin containing extra checks, which had been moved by the movers, and which was supposed to be taped shut.

28.   Plaintiffs discovered the tape on the storage bin was broken and it appeared checks had been stolen.

29.   Plaintiffs reported the theft of their checks to the Little Rock Police Department, which assigned it case number 2014-069810.

30.   On or about May 2, 2014, Plaintiffs contacted Charles Schwab Bank to notify them of the stolen checks and requested the bank investigate the unauthorized and fraudulent activity on their account.

31.   On May 7, 2014, Charles Schwab sent Plaintiffs a letter stating the investigation was complete and that the bank verified the transaction(s) were unauthorized and the bank was issuing a credit to Plaintiffs in the amount of $349.98, the amount of the unauthorized transaction(s) (*See, Exhibit "A" attached hereto and incorporated by reference*).

32.   On June 10, 2014, TRS sent to Plaintiffs a debt collection letter, demanding Plaintiffs pay $330.55 to TRS, or they would assign the file to a Professional Collection Agency for follow-up (*See, Exhibit "B" attached hereto and incorporated by reference*).

33.   TRS's June 10, 2014, letter also advised Plaintiffs, "WE FULLY INTEND TO RECOVER THE TOTAL AMOUNT DUE IN FULL."

34.   Plaintiff Oehm suffers from a permanent disability of 95% loss of abstract thinking, confusion/lack of awareness, and aggressive/irritable behavior, due to a November 16, 1985, motor vehicle accident.

35. Plaintiff Oehm's behavior issues are partially controlled with the prescription medications Buspar and Zoloft.

36. Plaintiff Oehm's symptoms related to his disability are always exacerbated when Oehm comes under stress.

37. Oehm is legally classified as permanently handicapped and disabled from the Social Security Administration.

38. Upon Oehm receiving TRS's June 10, 2014 letter, Oehm flew into a verbal rage and the letter, "set him off."

39. Plaintiff Lindholm suffered anger and stress due to Oehm's reaction to TRS's June 20, 2014 letter.

40. On June 11, 2014, TRS sent to Plaintiffs two collection letters, demanding payment for 135.64 and $260.73 *(See Exhibit "C" & "D"), attached hereto and incorporated by reference)*.

41. The letters caused both Plaintiffs anger, stress, emotional damage, and fear; and Plaintiff Oehm suffered rage.

42. Plaintiff Lindholm attempted to resolve the issue with TRS via the phone, but TRS refused Lindholm's efforts.

43. Plaintiffs sent a letter to TRS, which contained the dispute information Plaintiff Lindholm had tried to cover via phone, the police report information, and the letter from Charles Schwab Bank.

44. On the date of June 18, 2014, TRS sent to Plaintiffs a collection letter demanding $255.43 *(See, Exhibit "E" attached hereto and incorporated by reference)*.

45. TRS's June 18, 2014, letter also advised Plaintiffs, "WE FULLY INTEND TO RECOVER THE TOTAL AMOUNT DUE IN FULL."

46.    TRS's June 18, 2014, letter caused Plaintiffs to experience anger, shock, and emotional distress.

47. On the date of June 30, 2014, TRS received the letter pled in paragraph 42 of Plaintiff's Complaint.

48. On the date of June 30, 2014, TRS sent to Plaintiffs a letter, advising Plaintiffs they had accepted Plaintiffs' fraud claim as valid, as it related to checks in the amount of $300.55, $23.48, and $25.95 *(See, Exhibit "F" attached hereto and incorporated by reference)*.

49.   Over the next several months, Plaintiffs received phone calls and letters from TRS, in reference to two checks, which Plaintiffs did not write and for which they were not legally responsible *(See, Exhibit G & H attached hereto and incorporated by reference)*.

50.   Plaintiffs continued to dispute the checks which TRS continually called and wrote to Plaintiffs about, demanding documentation and proof of TRS's claims *(See, Exhibit "I" attached hereto and incorporated by reference)*.

51.   Despite repeated requests by Plaintiffs, TRS refused to provide Plaintiffs with any documentation supporting its claim that Plaintiffs owed TRS, or any other party.

52.   On the date of November 15, 2014, Plaintiffs sent a detailed letter to TRS, which provided a time line of the events in question, a renewed demand for proof of TRS's claims, and even invited TRS to contact Plaintiffs on Lindholm's cell phone to discuss the matter *(See, Exhibit "J" attached hereto and incorporated by reference)*.

53. Plaintiffs' November 15, 2014, letter did demand that TRS stop sending them threatening collection letters, and advised TRS that Plaintiffs were going to "ask my lawyer to look into this for me." (*See, Exhibit "J" attached hereto and incorporated by reference*).

54. In response to Plaintiffs' November 15, 2014, letter, TRS retained the services of Associates.

55. On December 8, 2014, Associates sent two collection letters to Plaintiffs, demanding payment for the same debt that TRS had been attempting to collect for the past four months and for which debt Plaintiffs had disputed and demanded documentation and proof from TRS (*See Exhibit "K" attached hereto and incorporated by reference*).

56. Associates' collection letters added a returned check fee for each check, a total of $60.00 added to the alleged original balance.

57. Associates is not licensed to conduct the business of a collection agency in the state of Arkansas, as required pursuant to *A.C.A. § 17-24-301*.

58. On at least one other occasion, on or around July of 2014, Associates attempted to collect a debt from another Arkansas consumer when they were not licensed to conduct the business of a collection agency in the state of Arkansas.

59. Associates was made aware of their illegal activity in July of 2014, therefore their collection letters of December 2014, were willful violations of Arkansas law.

60. TRS was made aware that Associates was not licensed to collect in the state of Arkansas around July of 2014.

61. TRS, even though it was now using the services of Associates, was still attempting to collect a debt from the Plaintiffs; TRS was now just using the services of an unlicensed agency

to assist them.[6]

62.   The act of TRS retaining Associates and Associates sending two additional demand letters to Plaintiffs caused both Plaintiffs emotional distress, anger, shock, outrage, fear, and anxiety.

63.   As a result of TRS and Associates continued attempts to collect debts, which both entities knew were not valid, and which collection activity Associates was not licensed to practice in Arkansas, Plaintiffs were forced to incur legal fees and retain Leigh Law, PLLC.

## COUNT 1: VIOLATIONS OF THE FDCPA

64.   Plaintiffs incorporate by reference and re-alleges paragraphs (1) through (63).

65.   Defendants violated the FDCPA, specifically, *15 U.S.C. §§ 1692e, 1692f*, in the following ways:

- Attempting to collect debts that are not legally owed by Plaintiffs (*Exhibits A through E, and Exhibits G and H*).[7]

- Harassing Plaintiffs by TRS retaining Associates to attempt to collect debts from Plaintiffs when TRS was aware Associates conducting the business of a collection agency in Arkansas was in violation of Arkansas law.

- Associates making any contact what-so-ever with Plaintiffs, in connection with the collection of a debt;[8]

- Attempting to collect $30.00 returned check fees from Plaintiffs, when a returned check

---

[6] Any argument by TRS that they were no longer directly attempting to collect a debt is quickly dispensed of by the Arkansas Supreme Court in Simpson v. Cavalry SPV I, LLC, Assignee of HSBC Bank Nevada, N.A./Orchard Bank, 2014 Ark. 363; and "As the Supreme Court has held in the general context of consumer protection—of which the Fair Debt Collection Practices Act is a part—`it does not seem unfair to require that one who goes deliberately close to an area of proscribed conduct shall take the risk that he may cross the line.'" Russell, 74 F.3d at 35 (quoting FTC v. Colgate-Palmolive Co., 380 U.S. 374, 393, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965)).

[7] As the FDCPA is strict liability, TRS violated the FDCPA even though it later acknowledged Plaintiffs' fraud claims as valid.

[8] The FDCPA prohibits, *inter alia,* the use of debt collection practices that violate state law. Picht v. Hawks, 236 F.3d 446 (2001), therefore, TRS violating *A.C.A. § 17-24-301* is a per se violation of the FDCPA.

fee was not legally owed by Plaintiffs;[9]

- Refusing to cease collection attempts by mail, when directed to by letter on or about November 15, 2014; and,

- Violating RICO.

## COUNT 2: VIOLATIONS OF THE AFDCPA

66. Plaintiffs incorporate by reference and re-alleges paragraphs (1) through (66).

67. Defendants violated the AFDCPA, specifically, *A.C.A. §§ 17-24-506(a), 17-24-507(a),* as all of the violations complained of in paragraphs (65) through (67) are *per se* violations of the AFDCPA.

## COUNT 3: VIOLATIONS OF THE ADTPA

68. Plaintiffs incorporate by reference and re-alleges paragraphs (1) through (68).

69. Defendants violated the ADTPA, specifically, *A.C.A. § 4-88-107(a)(10),* as the Defendants' violations of the FDCPA, the AFDCPA, RICO, and A.C.A. § 17-24-301 are *per se* violations of the ADTPA.

## COUNT 4: VIOLATIONS OF RICO[10]

70. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (70).

71. Defendants violated the civil RICO Act, specifically, *18 U.S.C. § 1692(c)*, as:

Defendants are the enterprises TRS and Associates, which enterprises carried out a pattern of racketeering and conspiracy against Plaintiffs, with a scheme to defraud Plaintiffs, knowing Plaintiffs were not legally indebted as alleged in collection letters, and TRS knew Associates was

---

[9] We held that the defendants violate the FDCPA by misrepresenting the amount of the penalty they were entitled to collect. Duffy v. Landberg, 215 F.3d at 875 (8th Cir.2000).

[10] RICO is to be broadly construed in order to accomplish its purposes. Racketeer Influenced and Corrupt Organizations, *Pub. L. No. 91-452, § 904, 84 Stat. 947 (1970).*

not licensed as a debt collector in the state of Arkansas, but retained them to specifically target the Plaintiffs in response to Plaintiffs' November 15, 2014, demand letter to TRS.[11]

## DAMAGES AND PRAYER FOR RELIEF

72. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (71).

73. Plaintiffs pray for statutory damages in the amount of $1,000.00, pursuant to *15 U.S.C. 1692k(a)(2),* against Defendant TRS.

74. Plaintiffs pray for statutory damages in the amount of $1,000.00, pursuant to *15 U.S.C. 1692k(a)(2),* against Defendant Associates.

75. Plaintiffs pray for statutory damages in the amount of $1,000.00, pursuant to *A.C.A. § 17-24-512(a)(2)(A),* against Defendant TRS.

76. Plaintiffs pray for statutory damages in the amount of $1,000.00, pursuant to *A.C.A. § 17-24-512(a)(2)(A),* against Defendant Associates.

77. Plaintiffs pray for the actual damage of emotional distress, in an amount determined at trial, pursuant to *15 U.S.C. § 1692k(a)(1),* against both Defendants, jointly and severally.

78. Plaintiffs pray for the actual damage of emotional distress, in an amount determined at trial, pursuant to *A.C.A. § 17-24-512(a)(1),* against both Defendants, jointly and severally.

79. Plaintiffs pray for their attorney's fee and costs, pursuant to *15 U.S.C. §1692k(a)(3) & A.C.A. § 17-24-512(a)(2)(A),* against both Defendants, jointly and severally.

80. Plaintiffs pray that all damages be trebled, pursuant to RICO, due to the element of fraud on the part of the Defendants,[12] jointly and severally.

---

[11] "A civil RICO plaintiff need not allege any prior criminal conviction and may establish a case by a preponderance of the evidence." Farmers Bank v. Bell Mortgage Corp., 452 F. Supp. 1278, 1280 (D. Del. 1978); Heinold Commodities, Inc. v. McCarty, 513 F. Supp. 311, 313 (N.D. Ill. 1979).

[12] "[A]ny person injured in his business or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." *18 U.S.C. § 1964(c) (1983).*

81. Plaintiffs pray for punitive damages against both Defendants, jointly and severally.

82. Plaintiffs pray for all other damages that they may be entitled, against both Defendants, jointly and severally.

## DEMAND FOR JURY TRIAL

83. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (82).

84. Plaintiffs demand a trial by jury.

Respectfully Submitted:

Victoria Leigh (2011257)
Attorney for the Plaintiffs
P.O. Box 21514
Little Rock, AR 72221
(501) 227-7627
V@leigh-law.com



## *charles* SCHWAB
### BANK

May 7, 2014

Account #: *********278
Questions: 1-877-566-8810

Gregory Oehrn, Judy Lindholm
1418 Rock St
Little Rock, AR 72202

---

**We've verified the unauthorized Schwab Bank Automated Clearing House (ACH) transaction(s) you reported.**

---

Dear Gregory Oehrn and Judy Lindholm,

Thank you for letting us know that you suspected that one or more of the Schwab Bank Automated Clearing House (ACH) transactions in your account noted above were unauthorized. We appreciate your reporting any unfamiliar transactions.

We're writing to let you know that our investigation is complete and we've verified that the transaction(s) were unauthorized.

We've issued a credit for $349.98, which is the amount of the eligible unauthorized transaction(s) you reported. We posted the credit to your account on May 6, 2014, and it will appear on your May account statement.

**Thank you for choosing Schwab Bank.** If you have any questions about the investigation, please contact me or any Fraud Analyst at 1-877-566-8810, Monday through Friday, 9:00 a.m. to 6:00 p.m. MT.

Sincerely,

**Elisa Francik**
Specialist
9601 E. Panorama Circle
Englewood, CO 80112



©2014 Charles Schwab Bank. All rights reserved. Member FDIC. CRS 00038 (0612-3726) 5/14 SGC69088



# TRS
# RECOVERY
# SERVICES, INC.

**Corporate Offices:**
5251 Westheimer
Houston, TX 77056
**Telephone:**
713-567-0499
800-366-1048

| | | | |
|---|---|---|---|
| **Customer:** | Wal-mart No 4460 | **Date Written** | April 29, 2014 |
| **Amount:** | $300.55 | **Check Number** | 1028 |
| **Returned Check Fee:** | $30.00 | **Returned:** | Stop payment |
| | | **Reference #:** | 37141273725110 |
| **Total Amount Due:** | $330.55 | | |

June 10, 2014

## THIS IS A DEMAND FOR THE BALANCE IN FULL

Unless we receive the Total Amount Due promptly, we will assign this file to one of our Professional Collection Agents for follow-up. The Agent will then attempt to contact you by telephone and make recommendations for further collection action.

WE FULLY INTEND TO RECOVER THE TOTAL AMOUNT DUE IN FULL

**For faster service in updating your file:**
You may pay on line by Visa or MasterCard at www.firstdata.com/trs. With your permission, and with funds available in your account, we are able to draft your account for the amount due. Simply call us at (713)567-0499 and request your payment be processed by draft. These services are optional.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This is a communication from a debt collector.

**See reverse side for important information and the enclosed TeleCheck Privacy Statement.**

P.O. Box 4857
Houston, TX 77210-4857

**RECS3**

*[handwritten notes: 1st last name mailing address, 30 day, 4412 Houston Tx 72910, dispute, TRS Compliance department www. first data. com /trs recovery, fax 402-916 8140]*

**Detach and return bottom portion with payment**

Processing Center
P.O. Box 17380
Denver, CO 80217-0380
RETURN SERVICE REQUESTED

**Amount Paid:** $330.55

37141273725110600030055180800030007

37141273725110-RECS3-June  10, 2014

OEHM GREGORY
1414 ROCK ST
LITTLE ROCK, AR 72202

002005

TRS Recovery Services, Inc.
PO BOX 60022
City of Industry, CA 91716-0022

Note: send **PAYMENTS ONLY** to P.O. Box above. Send **GENERAL CORRESPONDENCE** to the address on the back of this letter.  Please Do Not Send Cash !

ABC151L(2005)(07)

EXHIBIT B

# TRS
# RECOVERY
# SERVICES, INC.



**Corporate Offices:**
5251 Westheimer
Houston, TX 77056
Telephone:
713-567-0499
800-366-1048

| | | | |
|---|---|---|---|
| **Customer:** | Wal-mart No. 126 | **Date Written** | April 30, 2014 |
| **Amount:** | $105.64 | **Check Number** | 1410 |
| **Returned Check Fee:** | $30.00 | **Returned:** | Check returned, account closed |
| **Total Amount Due:** | $135.64 | **Reference #:** | 37141263725328 |

June 11, 2014

## THIS IS A DEMAND FOR THE BALANCE IN FULL

Unless we receive the Total Amount Due promptly, we will assign this file to one of our Professional Collection Agents for follow-up. The Agent will then attempt to contact you by telephone and make recommendations for further collection action.

WE FULLY INTEND TO RECOVER THE TOTAL AMOUNT DUE IN FULL

**For faster service in updating your file:**
You may pay on line by Visa or MasterCard at www.firstdata.com/trs. With your permission, and with funds available in your account, we are able to draft your account for the amount due. Simply call us at (713)567-0499 and request your payment be processed by draft. These services are optional.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

**See reverse side for important information and the enclosed TeleCheck Privacy Statement.**

**RECS3**

P.O. Box 4857
Houston, TX 77210-4857

- - - - - - - - - - - - - - - - - - - - - Detach and return bottom portion with payment - - - - - - - - -

Processing Center
P.O. Box 17380
Denver, CO 80217-0380
RETURN SERVICE REQUESTED

**Amount Paid:** **$135.64**

371412637253285000105648808000030007

3714126372532&-RECS3-June  11, 2014

OEHM GREGORY
1414 ROCK ST
LITTLE ROCK, AR 72202

001001

TRS Recovery Services, Inc.
PO BOX 60022
City of Industry, CA 91716-0022



# TRS
# RECOVERY
# SERVICES, INC.

**Corporate Offices:**
5251 Westheimer
Houston, TX 77056
Telephone:
713-567-0499
800-366-1048

| | | | |
|---|---|---|---|
| **Customer:** | Wal-mart No 5706 | **Date Written** | May 01, 2014 |
| **Amount:** | $230.73 | **Check Number** | 1416 |
| **Returned Check Fee:** | $30.00 | **Returned:** | Check returned, account closed |
| **Total Amount Due:** | $260.73 | **Reference #:** | 37141273726162 |

June 11, 2014

## THIS IS A DEMAND FOR THE BALANCE IN FULL

Unless we receive the Total Amount Due promptly, we will assign this file to one of our Professional Collection Agents for follow-up. The Agent will then attempt to contact you by telephone and make recommendations for further collection action.

WE FULLY INTEND TO RECOVER THE TOTAL AMOUNT DUE IN FULL

**For faster service in updating your file:**
You may pay on line by Visa or MasterCard at www.firstdata.com/trs. With your permission, and with funds available in your account, we are able to draft your account for the amount due. Simply call us at (713)567-0499 and request your payment be processed by draft. These services are optional.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

**See reverse side for important information and the enclosed TeleCheck Privacy Statement.**

**RECS3**

P.O. Box 4857
Houston, TX 77210-4857

---

Detach and return bottom portion with payment

---

Processing Center
P.O. Box 17380
Denver, CO 80217-0380
RETURN SERVICE REQUESTED

**Amount Paid:** $260.73

37141273726162600023073180800000300009

37141273726162-RECS3-June  11, 2014

OEHM GREGORY
1414 ROCK ST
LITTLE ROCK, AR 72202

001002

TRS Recovery Services, Inc.
PO BOX 60022
City of Industry, CA 91716-0022

Note: send **PAYMENTS ONLY** to P.O. Box above. Send **GENERAL CORRESPONDENCE** to the address on the back of this letter. Please Do Not Send Cash.

ABC151L(200611)

EXHIBIT 2

# TRS
# RECOVERY
# SERVICES, INC.

**Corporate Offices:**
5251 Westheimer
Houston, TX 77056
**Telephone:**
713-567-0499
800-366-1048

| | | | |
|---|---|---|---|
| **Customer:** | Wal-mart No 4460 | **Date Written** | April 22, 2014 |
| **Amount:** | $225.43 | **Check Number:** | 3655 |
| **Returned Check Fee:** | $30.00 | **Returned:** | Stop payment |
| | | **Reference #:** | 37141353725050 |
| **Total Amount Due:** | $255.43 | | |

June 18, 2014

## THIS IS A DEMAND FOR THE BALANCE IN FULL

Unless we receive the Total Amount Due promptly, we will assign this file to one of our Professional Collection Agents for follow-up. The Agent will then attempt to contact you by telephone and make recommendations for further collection action.

WE FULLY INTEND TO RECOVER THE TOTAL AMOUNT DUE IN FULL

**For faster service in updating your file:**
You may pay on line by Visa or MasterCard at www.firstdata.com/trs. With your permission, and with funds available in your account, we are able to draft your account for the amount due. Simply call us at (713)567-0499 and request your payment be processed by draft. These services are optional.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This is a communication from a debt collector.

**See reverse side for important information and the enclosed TeleCheck Privacy Statement.**

**RECS3**

P.O. Box 4857
Houston, TX 77210-4857

---

**Detach and return bottom portion with payment**

Processing Center
P.O. Box 17380
Denver, CO 80217-0380
ELECTRONIC SERVICE REQUESTED

**Amount Paid:** $255.43

3714135372505050400022543180800030007

37141353725050-RECS3-June   18, 2014

OEHM GREGORY
1414 ROCK ST
LITTLE ROCK, AR 72202

004823

TRS Recovery Services, Inc.
PO BOX 60022
City of Industry, CA 91716-0022

Note: send **PAYMENTS ONLY** to P.O. Box above. Send **GENERAL CORRESPONDENCE** to the address on the back of this letter. Please Do Not Send Cash

ABC151L(20051101)

EXHIBIT E 



**Resolutions Department**

# TRS ▼
recovery services ™
TRS RECOVERY
SERVICES, INC.

June 30, 2014

**IMPORTANT NOTICE:**
REFER TO TRACKING NUMBER
**141690737**
IN ALL FUTURE CORRESPONDENCE

Gregory Oehm
1414 Rock St.
Little Rock, AR 72202

RE:  Original Creditor: Wal-Mart
      Current Creditor: TRS
      Reference Number(s): 37-141273725110, 37-141273725112, 37-1414273725127

Dear Gregory Oehm,

We have completed our investigation that you were the victim of fraud, forgery or identity theft in connection with the items below. Based upon the documentation provided, we have accepted your claim as valid.

| Reference Number | Merchant | Check Date | Amount | Status |
|---|---|---|---|---|
| 37-141273725110 | WAL-MART | 04/29/14 | $300.55 | FORGERY |
| 37-141273725112 | WAL-MART | 04/29/14 | $ 23.48 | FORGERY |
| 37-141273725127 | WAL-MART | 04/29/14 | $ 25.95 | FORGERY |

The reference number(s) listed above have been updated to a forgery status and will be reported in TeleCheck's database with that updated status. Should you receive additional communication from us to collect upon another debt that you believe resulted from another forged item, please contact us immediately.

*If you have any additional questions*: Please contact the Resolutions Department at (800) 280-7136 Monday-Friday 8:00 a.m. to 12:00 p.m. CST and from 1:00 p.m. to 4:30 p.m. CST.

**ALL RETURN CORRESPONDENCE MUST REFERENCE THE TRACKING NUMBER ABOVE OR A COPY OF PRIOR CORRESPONDENCE RECEIVED FROM TELECHECK MUST BE INCLUDED.**

Sincerely,

Elida Rodriguez
TRS Recovery Services, Inc.

043013VIDIS004

*This is a communication from a debt collector.*
*This is an attempt to collect a debt.*
*Any information obtained will be used for that purpose.*
*SEE ENCLOSED FOR OTHER IMPORTANT INFORMATION*

5251 Westheimer Road ▪ Houston ▪ TX ▪ 77056



# TRS
# RECOVERY
# SERVICES, INC.

# Notice of Collection
# Agency Referral

**Corporate Offices:**
5251 Westheimer
Houston, TX 77056
**Telephone:**
713-567-0499
800-366-1048



| | | | |
|---|---|---|---|
| **Customer:** | Wal-mart No 5706 | **Date Written** | May 01, 2014 |
| **Check Amount:** | $230.73 | **Check Number** | 1416 |
| **Returned Check Fee:** | $30.00 | **Returned:** | Check returned, account closed |
| **Outstanding Balance:** | $260.73 | **Reference #:** | 37141273726162 |

October 01, 2014

TRS Recovery Services, Inc. has made numerous attempts to contact you and obtain payment for the dishonored check which you wrote to the above merchant. Our records indicate that the check is still outstanding. **We request you to remit the total amount due immediately.**

If we do not receive the total amount due on this account within 15 days of the date of this Notice of Collection Agency Referral, your file will be referred to an outside collection agency for further collection activity as allowed by law.

We do not want to take this matter any further. Therefore, we are willing to offer you another opportunity to restore your check writing privileges with our network of over 300,000 merchants nationwide. If TRS receives your payment of $260.73 within fifteen (15) days from the date of this letter, TeleCheck will consider this matter resolved and will update this debt record to "paid" status in its National Computer Files.

**For faster service in updating your file:**
You may pay on line by Visa or MasterCard at www.firstdata.com/trs. With your permission, and with funds available in your account, we are able to draft your account for the amount due. Simply call us at (713)567-0499 and request your payment be processed by draft. These services are optional and available at additional cost.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

**See reverse side for important information and the enclosed TeleCheck Privacy Statement.**

**TRS Recovery Department**
**P.O. Box 4857**
**Houston, TX 77210-4857**

**RECCBCAR**

---

**Detach and return bottom portion with payment**

---

Processing Center
P.O. Box 17380
Denver, CO 80217-0380
ELECTRONIC SERVICE REQUESTED

**Amount Paid:** $260.73

37141273726162600023073180800003000 9

37141273726162-RECCBCAR-October  01, 2014

OEHM GREGORY
1414 ROCK ST
LITTLE ROCK, AR 72202-504

004913

TRS Recovery Services, Inc.
PO BOX 60022
City of Industry, CA 91716-0022

Note: send **PAYMENTS ONLY** to P.O. Box above. Send **GENERAL CORRESPONDENCE** to the address on the back of this letter. Please Do Not Send Cash

ABC151L(20051101)

**EXHIBIT G**

# TRS RECOVERY SERVICES, INC.

## SETTLEMENT OFFER

**Corporate Offices:**
5251 Westheimer
Houston, TX 77056
**Telephone:**
713-567-0499
800-366-1048



| | | | |
|---|---|---|---|
| **Merchant:** | Wal-mart No. 126 | **Date Written** | April 30, 2014 |
| **Current Creditor:** | Telecheck | **Check Number** | 1410 |
| **Check Amount:** | $105.64 | **Returned:** | Check returned, account closed |
| **Returned Check Fee:** | $30.00 | | |
| | | **Reference #:** | 37141263725328 |
| **Outstanding Balance:** | $135.64 | | |

November 04, 2014

**This is a communication from a Debt Collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

### SETTLEMENT WITH 25% SAVINGS: $101.73

**Avoid Further Collection Activity** - TRS Recovery Services, Inc. has made numerous attempts to contact you to collect the Total Amount Due on the above-referenced check. Our records indicate that the Total Amount Due is still outstanding.

**Settle now, save 25%** - Our affiliate, TeleCheck is willing to offer you an opportunity to settle your account in full upon payment of $101.73. If TRS receives your payment of $101.73 within fifteen (15) days from the date of this letter, TeleCheck will consider this matter to be settled and will remove any negative information regarding the above-referenced check contained in its National Computer Files. We are not obligated to renew this offer.

**For faster service in updating your file:**
You may pay on line by Visa or MasterCard at www.firstdata.com/trs. With your permission, and with funds available in your account, we are able to draft your account for the amount due. Simply call us at (713)567-0499 and request your payment be processed by draft. These services are optional.

The total amount due may not include additional checks owed to TeleCheck.

**RECCBSET75**

**SEE REVERSE SIDE FOR FEDERAL VALIDATION NOTICE AND OTHER IMPORTANT INFORMATION**
**Detach and return bottom portion with payment**

Processing Center
P.O. Box 17380
Denver, CO 80217-0380
ELECTRONIC SERVICE REQUESTED

**Amount Paid:** _____

37141263725328500010564880800003007

37141263725328-RECCBSET75-November  04, 2014

OEHM GREGORY
1414 ROCK ST
LITTLE ROCK, AR 72202-504

010982

TRS Recovery Services, Inc.
PO BOX 60022
City of Industry, CA 91716-0022

**Note: send PAYMENTS ONLY to P.O. Box above. Send GENERAL CORRESPONDENCE to the address on the back of this letter. Please Do Not Send Cash**

ABC151L(20051101)

EXHIBIT H

July 27, 2014

Gregory J. Ohem
1418 Rock Street
Little Rock, AR 72202
773-817-4707 (cell)

TRS Recovery Services

Reference Numbers: 37141273726162, 37141263725328

To Whom It May Concern:

I am writing to follow-up with the phone call I had with your representative. I have no knowledge of the transactions listed on the letter you sent regarding the two reference numbers listed on the attached letters. Your representative said that the checks were drawn on Arvest Bank. I do not have an account with them, nor have I ever had an account with them. These are not my transactions.

Do not hesitate to call with further questions.

Sincerely,

Gregory J. Oehm

P.S. This bank account could not be under my Social Security number. I am having my credit reports monitored & received No notification that this account was opened, Nor is it listed as my account. Please remove this account under my name, it is not mine.

EXHIBIT I

November 15, 2014

Gregory J Oehm II
1418 Rock Street
Little Rock, AR 72202

TRS Recovery Services
5251 Westheimer
Houston, TX 77056

RE: ref# 37141263725328
    :ref# 37141273726162

To Whom It May Concern:

Enclosed with this letter is correspondence that you have been sending me, and I have been sending you over the past few months regarding checks that are not mine and I did not write. Please find:

1. Notice of agency referral for 37141263725328
2. Notice of agency referral for 37141273726162
3. Cover sheet for the FAX correspondence I sent you on July 26, 2014
4. Confirmation you received that FAX correspondence on July 26, 2014
5. Your correspondence dated July 17, 2014 and my note after calling your Company
6. My letter faxed to you on July 27, 2014
7. My notarized certification faxed on July 26, 2014 that these two checks are not mine.
8. Your form of forgery/identity theft faxed on July 26, 2014.

April 25, 2014 we moved from an apartment in North Little Rock, AR to a home at 1418 Rock Street, Little Rock, AR 72202. At the beginning of that next week, three checks cleared our bank written at a Walmart store that we do not patronize. My wife immediately called our bank, and their fraud department confirmed that these checks were not endorsed by us, and reversed the charges. We believed a mover must have stolen checks from us, as a clear plastic container where our checks had been packed had the tape broken and checks were missing from the container. We called and reported the theft to the police department, referenced in our previous correspondence.

Your company handled the returned checks and your fraud department also confirmed that these checks were not issued by us and no longer pursued collecting those three checks. However, there were several other checks returned to Walmart after our bank closed the account. All but two of the checks *appear* to be taken care of, we are still receiving correspondence regarding, (1) a check in the amount of $105.64 and (1) a check in the amount of 230.73.

We have called your company regarding these checks, and are very confused about what they are. First, we were told they were written on an Arvest checking account. We have never had an Arvest checking account – and we made no purchases at a Walmart for these amount. Furthermore, the only purchases we have EVER made at a Walmart store were using a credit card. We asked your people for some sort of



1
EXHIBIT 1

documentation for these purchases as we are being held responsible for them, and we know they are not ours, but apparently no one has any documentation to provide us.

Secondly, if these checks were not on the original Schwab Checking Account that our checks were stolen, they could not even be under my social security number. I have had a lock put on my social security number, so I receive notification if anyone tries to open a bank account or credit card account using my social security number- I have received no such notification.

My previous correspondence included my cell phone number, so someone at your company could call and speak to me regarding this matter if there is further information you need from me. Additionally, our address is 1418 Rock Street, Little Rock AR 72202, and these last two letters were mailed to 1414 Rock Street, Little Rock AR 72202, which is not even a legitimate address.

The checks for $105.64 and $230.73 in question are not mine, nor have I received anything product or services for them. You need to remove them from my account and stop sending me threatening letters regarding these checks. I have filled out all the forgery paperwork your company has asked me to fill out. If you do not resolve this matter immediately, I will have to ask my lawyer to look into this for me.

Thank you in advanced for your assistance.

Sincerely,


Gregory J Oehm II
773-817-4707



2

EXHIBIT



allen & associates
Tel (516) 746-1040  Toll (800) 831-4477
Fax (516) 746-7290
website: allencollects.com

December 8, 2014

| **Customer:** | Wal-mart No. 126 | **Date Written:** | 05/01/14 |
| **Check Amount:** | $77.11 | **Check Number:** | 1412 |
| **Return Check Fee:** | $30.00 | **Returned:** | Account Closed |
| **Outstanding Balance:** | $107.11 | **Reference #:** | 37141273725248 |

Dear Gregory Oehm,

TRS RECOVERY SERVICES, INC. has made numerous attempts to contact you to collect the total amount due on the above-referenced check. They have now placed your delinquent account with allen & associates for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The total amount due may not include additional checks owed to TRS RECOVERY SERVICES, INC..

Sincerely,
allen & associates





This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
* * * **Please detach portion below and return with your payment.** * * *

PO Box 1828
Southgate, MI 48195

Claim ID: 580473
Account #: 37141273725248
Balance Due: $107.11  **AMOUNT ENCLOSED $**_____

December 8, 2014

ALAS/TC01    635001851883    1017/000001017/000000004

Gregory Oehm
1414 Rock St
Little Rock, AR 72202-5044

☒ **Mail All Correspondence & Payments To:**

Allen & Associates
147 Willis Ave
Mineola, NY 11501-2614



allen & associates
Tel (516) 746-1040   Toll (800) 831-4477
Fax (516) 746-7290
website: allencollects.com



December 8, 2014

| | | | |
|---|---|---|---|
| **Customer:** | Wal-mart No. 126 | **Date Written:** | 04/30/14 |
| **Check Amount:** | $33.42 | **Check Number:** | 1409 |
| **Return Check Fee:** | $30.00 | **Returned:** | Account Closed |
| **Outstanding Balance:** | $63.42 | **Reference #:** | 37141263725314 |

Dear Gregory Oehm,

TRS RECOVERY SERVICES, INC. has made numerous attempts to contact you to collect the total amount due on the above-referenced check. They have now placed your delinquent account with allen & associates for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The total amount due may not include additional checks owed to TRS RECOVERY SERVICES, INC..

Sincerely,
allen & associates



This is an attempt to collect a debt. Any information obtained will be used for that purpose.



\* \* \* Please detach portion below and return with your payment. \* \* \*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PO Box 1828
Southgate, MI 48195

|||||||||||||||||||||||||

December 8, 2014

Claim ID: 580437
Account #: 37141263725314
Balance Due: $63.42   **AMOUNT ENCLOSED** $_____

ALAS/TC01    635001851552    1016/00000101600000004
|||||||||||||||||||||||||||||||||||||||
Gregory Oehm
1414 Rock St
Little Rock, AR 72202-5044

☒ **Mail All Correspondence & Payments To:**
|||||||||||||||||||||||||||||||
Allen & Associates
147 Willis Ave
Mineola, NY 11501-2614

EXHIBIT K

